UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALFREDA MELERINE PIZANI and** | * | **CIVIL ACTION NO.: 12-2541 "C"** |
| **AVIS MELERINE JUAN** | * | |
| | * | |
| **vs.** | * | |
| | * | **JUDGE BERRIGAN** |
| **ST. BERNARD PARISH and** | * | |
| **THE LAKE BORGNE BASIN** | * | **MAGISTRATE SHUSHAN** |
| **LEVEE DISTRICT** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ORDER AND REASONS[1]

Before this Court is Plaintiffs' Motion to Remand, Motion to Sever, Motion to Dismiss, and Motion to Stay. (Rec. Doc. 9). Having considered the record, applicable law, and memoranda of counsel, the Court GRANTS the portion of the motion on Severance, Dismissal and Remand and does not rule on the portion of the motion requesting a stay because the request is made for a different case. (Rec. Doc. 9).

### I. Factual and Procedural Background

Plaintiffs Alfreda Melerine Pizani ("Pizani") and Avis Melarine Juan ("Juan") filed a civil action in Louisiana State Court against defendants St. Bernard Parish ("St. Bernard") and the Lake Borgne Basin Levee District ("LBBLD") for just compensation under Louisiana Constitution Article I, Section 4. (Rec. Doc. 9-1 at 1). The basis for this suit is the alleged damage to private properties caused by the actions of local and federal government entities while making emergency repairs to a levee damaged by Hurricane Katrina. (Rec. Doc. 9 at 1).

---

[1] Katharine Williams, a third-year student at Tulane University Law School, contributed to the research and preparation of this order.

1

Plaintiffs assert that this alleged damage occurred as a result of the commandeering of their property by defendants St. Bernard and LBBD. *Id.*

On September 1, 2005, in response to Hurricane Katrina, St. Bernard Parish issued an Executive Order concerning emergency powers under the Louisiana Homeland Security and Emergency Assistance and Disaster Act, La.Rev.Stat. 29:271. (Rec. Doc. 35 at 2). Pursuant to these powers, St. Bernard signed an Order "Commandeering Property and Granting Irrevocable Right of Entry for Borrow, Access, and Construction (Repair and Rehabilitation) of the Lake Pontchartrain Louisiana and Vicinity Hurricane Protection Levee, St. Bernard Parish ("Commandeering Order"). (Rec. Doc. 35 at 2). This order allowed the use of certain private property to obtain borrow materials, gain access, and construct (repair and rehabilitate) the levee. (Rec. Doc. 9 at 3, *citing Olivier Plantation, LLC v. St. Bernard Parish*, 744 F. Supp. 2d 575, 578 (E.D. La. 2010)).[2] The private property subject to the Commandeering Order lies within and is a part of the properties belonging to the plaintiffs. *Id.* The Commandeering Order also granted an "irrevocable right of entry to these lands to the [LBBLD] for its use in obtaining borrow, access and construction of said levee repairs and rehabilitation. *Id, see also* Rec. Doc. 35 at 2. On September 30, 2005, LBBLD issued an "Authorization for Entry for Borrow, Access and Construction (Repair and Rehabilitation)," stating that it had acquired real property interests in the plaintiffs' properties pursuant to the Commandeering Order and authorizing "the Department of the Army, its agents, employees, and contractors to enter upon these lands to obtain borrow, access, and construct . . . said levee as set forth in the plans and specifications . . .". (Rec. Doc. 35 at 2), *see also Olivier*, 744 F. Supp. 2d at 578. On October 2, 2005, St. Bernard and the

---

[2]In their Motion (Rec. Doc. 9), plaintiffs adopted the Factual Background contained in *Olivier Plantation, LLC v. St. Bernard Parish* in its entirety. (Rec. Doc. 9 at 3).

LBBLD entered into a "Cooperation Agreement" with the United States of America, represented by the U.S. Army Corps of Engineers ("USACE"). *Olivier* at 578. On October 17, 2005, these parties entered into an "Amended Cooperation Agreement." *Id.* Both of these agreements designate St. Bernard and LBBLD as "Public Sponsors" obligated to provide USACE "right of entry to all lands, easements, and rights-of-way, including suitable borrow and dredged or evacuated material disposal areas" as may be determined necessary by USACE. *Olivier*, 744 F. Supp. 2d at 578. The initial Cooperation Agreement stated that the Public Sponsors (St. Bernard and LBBD) would contribute "toward the construction of the Rehabilitation Effort in an amount equal to 0.0% of Rehabilitation Effort costs." (Rec. Doc. 35 at 3). The Amended Cooperation Agreement provided that USACE would indemnify and pay just compensation to the owners of a compensable interest in the commandeered property. (Rec. Doc. 35 at 3-4), *see also Olivier* 744 F. Supp. 2d at 578-579.

Plaintiffs originally filed their claim in Louisiana State Court, naming defendants St. Bernard and LBBLD and stating a claim for just compensation for the taking of property under Louisiana Constitution Article I, Section 4.[3] (Rec. Doc. 9-1 at 4). On October 8, 2012, St. Bernard filed an "Amended Answer and Third Party Demand" in the 34th Judicial District Court for the Parish of St. Bernard, making the USACE and LBBLD Third Party defendants to the action instituted by plaintiffs. (Rec. Doc. 1 at 2). St. Bernard alleges that it is "entitled to contribution from Third Party defendants, USACE and LBBLD, for any and all sums that [p]laintiffs may be awarded in this action." (Rec. Doc. 1 at 3).

---

[3]Section 4(B)(1) provides: "Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit . . ." La.Const. art. I, § 4.

The United States removed the state court action to federal court on October 18, 2012, asserting authority to do so under 28 U.S.C. §§ 1441(a) and 1442(a)(1). (Rec. Doc. 34 at 1). On November 16, 2012, plaintiffs filed the Motions at issue in this Order, asking this Court to sever and dismiss defendant St. Bernard Parish's Third Party Demand (Rec. Doc. 1) and remand this matter to the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana. (Rec. Doc. 9). Plaintiffs base this request on the grounds that this Court lacks subject matter jurisdiction over this matter. *Id.* The United States, on behalf of the USACE, has assented to it being dismissed for lack of subject matter jurisdiction, following which the lawsuit may be remanded. (Rec. Doc. 34 at 2). Having determined that this Court does lack subject matter jurisdiction over this matter, and that St. Bernard Parish's Third Party Demand against USACE is premature, the plaintiffs' Motion to Sever and Dismiss the Third Party Demand (Rec. Doc. 9) is GRANTED.

## II. Law and Analysis

At the outset of this analysis, this Court notes that the factual background and procedural postures in this case are nearly identical to *Olivier Plantation LLC. v. St. Bernard Parish,* 744 F. Supp. 2d at 575. In that case, Judge Fallon granted plaintiffs' Motions to Sever and Dismiss the Third Party Demand filed by St. Bernard Parish, determining that it lacked subject matter jurisdiction over the issues presented. *Id.* Defendant St. Bernard "recognizes the previous ruling of Judge Fallon . . . [but] respectfully requests that this Court take another course." (Rec. Doc. 35 at 6). St. Bernard urges this Court to use its equitable powers to fashion a remedy such that a single Court could determine the questions at issue in this case. *Id.* However, removal statutes should be strictly construed in favor of remand. *Shamrock Oil & Gas Corp. v.* Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Olivier*, 744 F. Supp. 2d at 582, *citing Acuna v.*

4

*Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000), and defendant St. Bernard provides no case law supporting this request.

This Court lacks subject matter jurisdiction over the claims at issue, and when it appears that a district court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c)). Further, no single court has the ability to hear both of these claims simultaneously and so they must be severed. This Court does not find St. Bernard's request to consolidate these state and federal claims into a single proceeding persuasive. Judge Fallon's decision in *Olivier* provides a clear resolution to the issues of severance, remand and dismissal of this Third Party Demand, and this order follows the analysis set out in that opinion.

**A. Motion to Remand for Lack of Subject Matter Jurisdiction**

Subject matter jurisdiction is the legal authority of a court to hear and decide a particular type of case. Erwin Chemerinsky, FEDERAL JURISDICTION 247 (Richard A. Epstein et al. eds., 2nd ed. 1994). Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)**.** Congress has authorized the federal district courts to exercise original jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. There is federal jurisdiction over a state law claim if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn*, 133 S.Ct at 1065.

**1. The Complaint does not Raise Federal Questions**

Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Olivier*, *citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Under the well-pleaded complaint rule, the plaintiff is the master of the claim and may avoid federal jurisdiction by exclusively relying on state law, even where a federal claim is also available. *Olivier* at 584*, see also Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772-73 (5th Cir. 2003)("As we have explained, "[a] plaintiff with a choice between federal-and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded."). The original complaint made no tort allegations against the USACE to provide federal district court jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). *Olivier,* 744 F. Supp. 2d at 583. As in *Olivier*, plaintiffs here have alleged a takings claim under the Louisiana Constitution against St. Bernard and LBBLD, seeking just compensation. *Id.* The plaintiffs have not alleged claims (tort or otherwise) against USACE in their petition, so there is no subject matter jurisdiction pursuant to the FTCA based upon the petition. *Id.* at 584. Additionally, the petition does not invoke federal law as a basis for relief. *Id.* A determination of whether the defendant's actions constituted a taking under the "Louisiana Constitution does not implicate any issues of federal law, and thus, does not provide a basis for this Court to exercise federal subject matter jurisdiction." *Olivier* 744 F. Supp. 2d at 584-85.

Neither does defendant St. Bernard's Amended Answer and Third Party Demand (Rec. Doc. 1 at 2) provide the basis for this court to exercise subject matter jurisdiction. As in *Olivier*, the Amended Corporation Agreement between St. Bernard and the USACE constitutes a contract. *Olivier*, 744 F. Supp. 2d at 585. The Federal Tort Claims Act does not extend subject

matter jurisdiction over breach of contract claims. *Id., citing Davis v. United States,* 961 F.2d 53, 56 (5th Cir. 1991). Where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract. *Id., citing Dobyns v. United States*, 91 Fed. Cl. 412, 418 (Fed. Cl. 2010). The Amended Cooperation Agreement is a contract that obligates USACE to compensate the plaintiffs for damages to their properties, and any claim arising therefrom sounds in contract, not in tort. *Olivier,* 744 F. Supp. 2d at 585.

### 2. No Statute Provides this Court with Subject Matter Jurisdiction
#### i. Federal Officer Removal Statute does not Confer Jurisdiction

As in *Olivier*, the USACE removed this matter on an additional basis, the federal officer or agency removal statute, 28 U.S.C. § 1442(a). This statute permits removal when a civil action is filed in state court against the United States or an agency or officer thereof, and results in removal of the entire civil action, including otherwise non-removable claims asserted by and against non-governmental parties. *Olivier,* 744 F. Supp. 2d at 586, *citing JAJ Ventures, LLC v. Envtl. Chem. Corp.,* 2009 WL 911020 at *3 (E.D. La. 2009). Federal district courts lack jurisdiction on removal where the state court from which the action was removed lacked jurisdiction.[4] The state court lacked jurisdiction over the present matter once USACE was added as a Third Party defendant. Pursuant to 28 U.S.C. § 1346(a)(2), the district courts and the United States Court of Federal Claims have original jurisdiction over claims against the United States arising from "any express or implied contract." The state court does not have jurisdiction over this matter so long as the Third Party Demand against USACE remains in the case, and therefore

---

[4]This is known as the "derivative jurisdiction doctrine." *Olivier,* 744 F. Supp. 2d at 585.

this Court lacks subject matter jurisdiction over the Third Party Demand, and the case as a whole. *Olivier,* 744 F. Supp. 2d at 587.

### ii. The Tucker Act does not Confer Subject Matter Jurisdiction

Finally, pursuant to the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over contract claims that seek monetary damages in excess of $10,000 against the United States. *Olivier,* 744 F. Supp. 2d at 587*, see also* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). Plaintiffs seek more than $10,000 from defendants, and so the Third Party Demand is also in excess of $10,000. *Olivier,* 744 F. Supp. 2d at 587, (Rec. Docs. 1 at 2, Rec. Doc. 9 at 4). Therefore, this District Court cannot exercise subject matter jurisdiction over the Third Party Demand.

**B. Motion to Sever**

District courts have broad discretion to sever issues to be tried. *Olivier,* 744 F. Supp. 2d at 581-582, *citing Xavier v. Belfor Group USA, Inc.,* 2008 WL 4862549 at *3 (E.D. La. 2008). Under Federal Rule of Civil Procedure 14, any party may move to sever a Third Party Demand. Fed.R.Civ.P. 14(a)(4). To determine whether claims should be severed, a district court may consider the following factors: (1) whether the claims arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and (5) whether different witnesses and documentary proof are required for separate claims. *Xavier*, 2008 WL at *3, *citing McFarland v. State Farm Fire & Cas. Co.,* 2006 WL 2577852, at *1 (S.D. Miss. Sept. 6, 2006) (*citing Morris v. Northrop Grumman Corp*., 37 F.

8

Supp. 2d 556, 580 (S.D.N.Y. 1999)) These claims do not present common questions of law, and no prejudice will result from severance since St. Bernard will be able to continue its claim against USACE in federal court. Further, this Court lacks subject matter jurisdiction over both claims in the present matter, so judicial economy will not suffer when these cases are severed.

As in *Olivier*, since no one court has jurisdiction to hear both claims simultaneously,[5] this Court "exercises its broad discretion to sever the plaintiffs' claim in the petition from the defendant St. Bernard's claim in the Third Party Demand. Fed.R.Civ.P. 21.

**C. Motions to Remand and Dismiss**

This Court lacks subject matter jurisdiction over the claims involved in this case. Pursuant to 28 U.S.C. § 1447(c)[6], the plaintiffs' Louisiana state law takings claim against the defendants are remanded to state court.

With regard to St. Bernard's Third Party Demand against USACE arising from the contractual relationship established in the Amended Corporation Agreement, whether or not St. Bernard has a basis for this claim depends on the resolution of the plaintiffs' claim against St. Bernard under the Louisiana Constitution. *Olivier*, 744 F. Supp. 2d at 589. It is premature for the defendants to raise a claim against USACE for indemnity since no decision has been made as to plaintiffs' takings claim against defendant St. Bernard. *Id.* Therefore, this Court dismisses the

---

[5]The Court of Federal Claims has exclusive jurisdiction over the contract dispute between St. Bernard and USACE, but does not have jurisdiction to entertain the substantive Louisiana state law questions that the plaintiffs present. Because the Federal Claims Court has exclusive jurisdiction, this District Court does not have jurisdiction over the contract dispute, nor could a Louisiana State Court rule on the contract dispute between St. Bernard and USACE. *Olivier* at 588.

[6]"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Third Party Demand without prejudice. As in *Olivier*, St. Bernard may file a timely claim against USACE in the Court of Federal Claims after resolution of the state court takings claim. *Id.*

### III. Conclusion

Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Remand, Motion to Sever, Motion to Dismiss and Motion to Stay is GRANTED in PART and the part of the motion dealing with the Motion to Stay is not addressed in this Order and Reasons. (Rec. Doc. 9).

IT IS FURTHER ORDERED that the Plaintiff's claims in the petition are severed from the defendants claim in the Third Party Demand.

IT IS FURTHER ORDERED that the Third Party Demand is DISMISSED without prejudice.

IT IS FURTHER ORDERED that the remaining claims are remanded to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, this 5th day of April, 2013.

                                                           **HELEN G. BERRIGAN**
                                                           **UNITED STATES DISTRICT JUDGE**